IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:24-CV-1563-RP |
| BAZAARVOICE, INC., | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is a motion to proceed under a pseudonym filed by Plaintiff Jane Doe ("Plaintiff"). (Dkt. 1). Plaintiff requests leave to proceed anonymously under the pseudonym "Jane Doe" in order to protect herself from disclosing private medical information and the risk of retaliation. (Mot., Dkt. 1). Defendant has not yet been served. Having considered the motion, the attached complaint, and the relevant law, the Court finds that the motion should be denied.

### I.  LEGAL STANDARD

A plaintiff in a civil action may proceed under pseudonym under exceptional circumstances. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). As a general rule, plaintiffs must disclose their names in the complaint commencing a civil action. *Id.* (citing Fed. R. Civ. P. 10(a)). This rule reflects the "clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property.'" *Stegall*, 653 F.2d at 185 (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). However, in certain circumstances, "the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Id.* (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (cleaned up)).

There is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Id.* at 186. "The decision requires a balancing of considerations calling for maintenance of a party's

privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* Significant factors may include the minor status or vulnerability of a party, threats of violence or harassment, or a "quintessentially private" matter such as religious belief. *Id.* "The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Id.*

## II. DISCUSSION

The Court finds this case does not rise to the standard of "exceptional circumstances" to permit Plaintiff to proceed under a pseudonym. Plaintiff alleges she suffered employment discrimination due to her mental health, but she does not argue she faces any significant ongoing vulnerability or threat of harassment or violence. *Cf. S. Methodist Univ. Ass'n of Women L.*, 599 F.2d at 712-13 (collecting cases). Plaintiff argues she faces risk of retaliation from Defendant, but she also states Defendant already knows her identity. (Mot., Dkt. 1). Allowing her to proceed under a pseudonym would not eliminate that risk. Because Plaintiff has not demonstrated a compelling privacy interest or special circumstance to overcome the constitutional presumption of openness in judicial proceedings, the Court denies her motion.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's motion to proceed under a pseudonym, (Dkt. 1), is **DENIED**. If Plaintiff intends to file sensitive personal and medical information, Plaintiff may move to file under seal on a case-by-case basis.

**IT IS FURTHER ORDERED** that Plaintiff file an advisory with the Court providing her name in compliance with Federal Rule of Civil Procedure 10(c) on or before **January 29, 2025**.

**SIGNED** on January 15, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE