UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CASIE LEAVELL, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. A-24-CV-01563-ADA |
| BAZAARVOICE, INC., | § | |
| Defendant. | § | |

# ORDER

Before the Court is Plaintiff's Motion for Clerk's Entry of Default (ECF No. 9), Defendant's Motion to Dismiss Under FRCP 4(m) (ECF No. 10), and Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 16). For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss Under FRCP 4(m), **DENIES** Plaintiff's Motion for Clerk's Entry of Default, and **GRANTS** Plaintiff's Motion for Leave to File a Sur-Reply.

## I.    BACKGROUND

Plaintiff, proceeding *pro se*, filed this suit against Defendant on December 19, 2024. ECF No. 1. Plaintiff initially moved to proceed under pseudonym, but the Court denied the motion and ordered her to file an advisory with the Court providing her name in compliance with Federal Rule of Civil Procedure 10(c). ECF No. 2. On May 13, 2025, presumably spurred by a show cause order, Plaintiff filed proof of service on Defendant and filed a motion for the clerk to enter default under Rule 55(a). ECF Nos. 8–9. Defendant then filed a motion to dismiss under Rule 4(m), contending that service was untimely. ECF No. 10.

On May 15, 2025, the Court ordered Plaintiff to amend her complaint to reflect her true identity and to serve copies of the amended complaint on Defendant. ECF No. 11. Plaintiff filed a

motion for reconsideration regarding the May 15 Order. ECF No. 13. While the motion for reconsideration was pending, the parties completed briefing for Defendant's motion to dismiss under Rule 4(m), though Plaintiff requested leave to file a sur-reply.[1] *See* ECF Nos. 14–16.

On June 13, 2025, the Court denied Plaintiff's motion for reconsideration and ordered her to amend her complaint to reflect her true identity and serve a copy of the amended complaint on Defendant by June 20, 2025. ECF No. 17. Plaintiff filed her amended complaint on June 18, 2025 (ECF No. 18) and purports to have effectuated service on June 20, 2025 (ECF No. 23).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 4 requires that a summons "be served with a copy of the complaint." Fed. R. Civ. P. 4(c). Rule 4(m) sets a strict time limit for service, providing that:

> ***If a defendant is not served within 90 days after the complaint is filed***, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing Rule 4(m) advisory committee's note (1993)). When a party challenges service, the serving party has the burden to show either validity of the service or good cause for failing to effect timely service. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1993).

---

[1] Sur-replies are generally disfavored because they "often amount to little more than a strategic effort by the nonmovant to have the last word on a matter." *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019). Thus, sur-replies are typically only permitted to present previously unavailable evidence or to address new arguments raised in the reply brief. *See Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014). Here, the Court determines that Plaintiff's sur-reply responds to arguments raised for the first time in the reply brief. Moreover, Defendant has not opposed Plaintiff's motion for leave to file a sur-reply. Accordingly, Plaintiff's motion for leave (ECF No. 16) is **GRANTED**.

### III.     DISCUSSION

Here, Defendant argues Plaintiff's claims should be dismissed because she failed to accomplish service within 90 days of filing. ECF No. 10. Plaintiff's original complaint was filed on December 19, 2024 (*see* ECF No. 1), resulting in a deadline of March 19, 2024 to effectuate service of process. Defendant contends that it has not been served at all. *See* ECF No. 10 at 1.

Plaintiff counters that Defendant was served on April 16, 2024. ECF No. 14 at 3; *see also* ECF No. 8. Plaintiff states that she was operating under the mistaken belief that she had 120 days to serve Defendant, alluding to the 120-day service deadline that was amended effective December 1, 2015 to shorten the period to 90 days. ECF No. 14 at 3; *see* Fed. R. Civ. P. 4(m) Advisory Committee's Notes to 2015 Amendment. She emphasizes the Court's discretion to extend time for service, especially where dismissal would bar the claim. ECF No. 14 at 3.

There is no dispute that Plaintiff failed to timely serve Defendant. Her excuse that she was operating under the mistaken belief that she had 120 days to serve the Defendant is insufficient to establish good cause. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) ("Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."). However, where "the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Gibbs v. Jackson*, 92 F.4th 566, 568 n.1 (5th Cir. 2024). This is such a case, as Plaintiff's claims under the Americans with Disabilities Act would be time-barred if the case were dismissed.[2] That is, dismissal "is warranted only where a

---

[2] Defendant alludes to this fact in its Motion to Dismiss and the resulting heightened standard of review. ECF No. 10 at 2–4. Defendant also seems to imply that Plaintiff's claims are time-barred as currently filed. *See id.* However, Defendant does not move pursuant to Rule 12(b)(6) to dismiss the claims on this ground and expressly states that the Motion is "explicitly limited to Rule 4(m)." ECF No. 15 at 4.

3

clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.*

Defendant point to the following as evidence of clear delay and contumacious conduct: (1) Plaintiff's failure to properly serve Defendant, despite being given additional time up to May 27, 2025; (2) Plaintiff's failure to timely reveal her name by January 29, 2025 as ordered by the Court on January 15, 2025; (3) Plaintiff's failure to timely respond to the Court's show cause order; and (4) Plaintiff's failure to comply with the Court's May 15, 2025 Order to amend her complaint to reveal her true identity and effectuate service on Defendant by May 27, 2025. ECF No. 15 at 3–4.

The Court does not find a clear record of delay or contumacious conduct. First, Plaintiff attempted to serve Defendant on April 16, 2025. *See* ECF No. 8. Second, the Court's order to show cause set the deadline to respond as May 19, 2025. ECF No. 6. Because that order was mailed to Plaintiff, three days were added after the period would otherwise expire. *See* Fed. R. Civ. P. 6(d) (providing that when a party must act within a specified time after being served and service is made by mail, three days are added after the period would otherwise expire). Thus, Plaintiff's response on May 22, 2025 was timely. *See* ECF No. 12. Third, regarding Plaintiff's refusal to comply with the Court's orders to reveal her name, Plaintiff filed a motion for reconsideration as to the order, and when it was denied, she ultimately did comply. *See* ECF Nos. 13, 17, 18.

Accordingly, Plaintiff's conduct does not rise to the level of "stubborn resistance to authority" that warrants the "extreme sanction" of dismissal with prejudice. *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008). Plaintiff's conduct, while perhaps negligent, cannot be characterized as contumacious. Accordingly, the Court will deny Defendant's Motion to Dismiss Pursuant to Rule 4(m).

4

However, Plaintiff has failed to effectuate service of process under Rule 4(h) and Texas Rule of Civil Procedure 106. To serve a corporation, partnership, or association, a plaintiff must either (1) follow Rule 4(e)(1), which provides for service under the laws of the state in which the district court is located (here, Texas), or (2) deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized to receive service of process. Fed. R. Civ. 4(h)(1). Under the first method, Texas Rule of Civil Procedure 106 governs service of process. Under this rule, a petition and citation must be "served by any person authorized by Rule 103" by either (1) "delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto," or (2) "by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." *See* Tex. R. Civ. P. 106(a)(1), (2). Furthermore, when a defendant is a corporation, the citation must be addressed to the President, Vice President, or registered agent of the defendant corporation. *See* Tex. Bus. Org. Code. §§ 5.201(a)-(b), 5.255(1).

Here, Plaintiff provides no evidence that service was effectuated under Rule 4(h) or Texas Rule of Civil Procedure 106. Plaintiff contends she effectuated service by certified mail pursuant to Texas Rules of Civil Procedure 106(a)(2), but the proof of summons suggests that one Joseph Hilliard served the summons on one Anna R. *See* ECF No. 16-1; ECF No. 8. Plaintiff provides no return receipt, no information regarding who "Anna R" is, and no information as to whom the citation was addressed. Thus, Plaintiff has failed to carry her burden to establish the validity of service. Because Defendant has not been properly served, the Clerk's Entry of Default may not be entered. *See Alaniz v. Nielsen*, No. SA-16-CV-00725-DAE, 2018 WL 11450734, at *2 (W.D. Tex. Mar. 8, 2018) ("[A] defendant is not 'susceptible to default' until the defendant is properly served."

5

(citing Fed. R. Civ. P. 55(a); *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999))), *R&R adopted*, 2018 WL 11450733 (W.D. Tex. Mar. 26, 2018). Accordingly, the Court will deny Plaintiff's Motion for Clerk's Entry of Default.

As mentioned above, Plaintiff was ordered to amend her complaint to reflect her identity and effectuate service on Defendant by June 20, 2025. *See* ECF No. 17. Plaintiff has filed her amended complaint (ECF No. 18) and purports to have served Defendant (*see* ECF No. 23). Defendant has moved to dismiss the amended complaint for failure to state a claim (ECF No. 25). The Court will contend with this second motion to dismiss in a separate order.

### IV. CONCLUSION

For these reasons, the Court **ORDERS** that Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Under FRCP 4(m) (ECF No. 10) and Plaintiff's Motion for Clerk's Entry of Default (ECF No. 9) are **DENIED**.

**SIGNED** this 25th day of July, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE