UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CASIE LEAVELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. A-24-CV-01563-ADA |
| § | |
| BAZAARVOICE, INC., § | |
| § | |
| Defendant. § | |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 25. After careful consideration of the parties' briefing, the relevant facts, and the applicable law, the Court **DENIES** Defendant's Motion to Dismiss.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, brings claims under the Americans with Disabilities Act of 1990 (the "ADA") against Defendant, her former employer. *See* ECF No. 18. Plaintiff alleges that she requested ADA accommodations and raised disability-related concerns with Defendant beginning in July 2020. *Id.* at 3–4. She further alleges that Defendant failed to initiate meaningful ADA-required accommodations and instead retaliated against her, ultimately culminating in her termination in April 2022. *Id.* at 4–11. She alleges that she filed a charge with the Equal Employment Opportunity Commission (the "EEOC") on February 10, 2023 and received a Notice of Right to Sue on September 20, 2024. *Id.* at 12. She references a letter she received from the EEOC that included the Notice in her operative complaint and attaches the letter as an exhibit. *See* ECF No. 18-2. Plaintiff filed this suit against Defendant on December 19, 2024. ECF No. 1.

Defendant now moves to dismiss Plaintiff's claims, arguing that her claims are time-barred because she failed to initiate this lawsuit within 90 days of being notified that the EEOC had reached a decision regarding her charge of discrimination. ECF No. 25 at 1. Plaintiff responded in opposition (ECF No. 27), to which Defendant replied (ECF No. 29).[1]

## II.  LEGAL STANDARD

In determining a Rule 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). While a complaint does not need detailed factual allegations, it must contain sufficient factual matter that, when assumed to be true, states a claim that has facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts do not evaluate the merits of the allegations but only consider whether the plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). While the pleadings of *pro se* parties are held to a more lenient standard than lawyers when analyzing complaints, they must still plead factual allegations that raise the right to relief above the speculative level. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## III.  DISCUSSION

To bring a claim under the ADA, a plaintiff must first file a charge of discrimination with the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Once the EEOC issues a notice of right to sue, the plaintiff must then file suit within ninety days of receiving this

---

[1] Plaintiff moves for leave to file a sur-reply in response to Defendant's Motion to Dismiss. Sur-replies are "are heavily disfavored" as often amounting "to little more than a strategic effort by the nonmovant to have the last word on a matter." *Cuellar v. Rodriquez*, No. EP-23-CV-00237-KC-MAT, 2023 WL 6135685, at *1 (W.D. Tex. Sept. 19, 2023) (citation omitted). The Court finds that Plaintiff has failed to demonstrate that "exceptional or extraordinary circumstances" warrant the relief sought. *Id.* Plaintiff's motion is **DENIED**.

notice. *See* 42 U.S.C. § 12117(a); *see also Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). "The requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *See Taylor*, 296 F.3d at 379 (citations omitted).

Defendant argues that Plaintiff's 90-day period to sue began to run when Plaintiff received an email from the EEOC on September 3, 2024—107 days before she filed suit—notifying her that it had made a decision regarding her charge and advising her to download a copy of the decision from the online portal. ECF No. 25 at 4 (citing ECF No. 18-2 at 1–2). Plaintiff does not dispute that she received the September 3 email but counters that the ninety-day time limit did not begin until she received the EEOC's letter with the Notice enclosed on September 20, 2024— exactly 90 days before she filed suit. ECF No. 27 at 1. Thus, the crux of the issue is whether the EEOC email constitutes receipt. If it does not, then Plaintiff timely filed suit.

There is no binding Fifth Circuit precedent addressing whether an EEOC email notifying a claimant that a new document is ready to download constitutes receipt. *See Snerling v. Coahoma Community College*, No. 4:24-cv-096-MPM-DAS, 2025 WL 1828635, at *2 (N.D. Miss. July 2, 2025). However, in an unreported case, *Smith v. Texas Children's Hospital*, the Fifth Circuit addressed this issue. No. 24-20389, 2025 WL 1325303 (5th Cir. May 7, 2025). In *Smith*, the plaintiff received an EEOC email that "conveyed the agency had concluded its investigation, was dismissing the case with no further action, and would post the 'Dismissal and Notice of Right to Sue' to the EEOC's online public portal." *Id.* at *1. The email also expressly concluded, "*If you do not file a lawsuit within the required 90-day period, your right to file a lawsuit in this matter will expire and cannot be restored by EEOC.*" *Id.* (emphasis in original). Despite evidence and direct admissions to the contrary, the plaintiff argued she had downloaded the notice five days later, so she should not be ruled to have *received* the notice until then. *Id.* The plaintiff, however,

3

conceded that the EEOC email provided "informal notice of the right to sue," and the Fifth Circuit stated that this point "would support a finding that the EEOC gave notice of [the plaintiff's] right to sue" as of the date of the email. *Id.*

Other district courts in this circuit have held similarly. In *Hunter-Reed v. City of Houston*, a district court held that where an EEOC representative orally informed the plaintiff that a right-to-sue letter had issued, such notification was sufficient to trigger the statutory time limit, regardless of whether the letter was actually received at that time. 244 F. Supp. 2d 733, 742, 746 (S.D. Tex. 2003); *see also Young v. Martin Marietta Materials Inc.*, No. 6:22-CV-00272-JCB, 2022 WL 18109693, at *5 (E.D. Tex. Nov. 2022) (holding that the 90-day period began the day the plaintiff's counsel received an email from the EEOC informing her that it was terminating the investigation and providing notice of the plaintiff's right to sue within 90 days); *Chambliss v. Entergy Corp.*, No. 22-2488, 2023 WL 7114669, at *7 (E.D. La. Oct. 27, 2023) (holding that the plaintiff received notice of the right to sue when his counsel received an email from the EEOC advising that it was terminating the investigation and providing the notice of the plaintiff's right to sue within 90 days); *Boyd v. Monroe City Hall*, No. 3:20-CV-01473, 2021 WL 1305385, at *3 (W.D. La. Mar. 8, 2021) (ruling 90-day period began on date EEOC sent email with the notice of right to sue despite the plaintiff's claim that the email went to his spam folder and dismissing claim filed on the 91st day thereafter).

Unlike those cases, and many of the cases cited by Defendant, however, the EEOC email sent here did not attach the right-to-sue letter. Nor did the email inform Plaintiff that the investigation of her charge had been terminated, that a final decision had been reached, that the notice of right to sue had issued, or that she had 90 days to file a lawsuit. Rather, the email's subject

4

line states, "Document Added to EEOC Charge 451-2023-01439." ECF No. 27-1.[2] The body of the email simply provides that "[a] new document was added to EEOC Charge No. 451-2023-01439" and may be viewed by signing into the EEOC Public Portal. ECF No. 27-1.

Perhaps the closest analogue cited by Defendant is the Eighth Circuit case *McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1071 (8th Cir. 2024). There, the Eighth Circuit determined that the claimant "received notice of her right to sue . . . when the EEOC first emailed her lawyer the link to her right-to-sue letter in the Public Portal," regardless of whether her lawyer accessed the link. *Id.* at 1071. The *McDonald* email was similar to the September 3 email in this case, simply indicating that "a new document" was available. In reaching its holding, the Eighth Circuit relied on a Seventh Circuit decision that held that the ninety-day period began the day an email with the subject "Final Action" and with the right-to-sue letter attached to the email was sent, regardless of when the attachment was opened. *Id.* (citing *Lax v. Mayorkas*, 20 F.4th 1178, 1181–82 (7th Cir. 2021)).

However, this Court does not find the Seventh Circuit's decision in *Lax* persuasive. In *Lax*, the email included the right-to-sue letter as an attachment. 20 F. 4th at 1180–81. Moreover, the email indicated that it included notice of "the Agency's Final Action." *Id.* Thus, the Seventh Circuit concluded that the plaintiff "knew at that time (without needing to open the attachment) that what

---

[2] At the Rule 12(b)(6) stage, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). The court may also review documents "attached to a response to a motion to dismiss when [they are] sufficiently referenced in the complaint and [their] authenticity is unquestioned." *Am. Gen. Life Ins. Co. v. Mickelson*, No. H-11-3421, 2012 WL 1355591, at *2 (S.D. Tex. Apr. 18, 2012) (citing *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008) (relying on documents that were "explicitly referenced in the complaint, acknowledged in the answers, and attached to [Plaintiff]'s opposition to the Defendants' motion to dismiss")). Here, Plaintiff attached to her amended complaint a September 18 letter from the EEOC that references the email attached to Plaintiff's response. *See* ECF No. 18-2. Defendant does not question the authenticity of the email or raise any objections to its accuracy. *See generally* ECF No. 29. Accordingly, the Court determines it may consider the email in evaluating Defendant's Motion to Dismiss.

he had received was the final agency decision," and determined that plaintiff's ninety-day period began from the day he received the email, not when he read the notice later. *Id.* at 1182–83. In contrast, the email here merely indicates the availability of a "new document." ECF No. 27-1. While the Court agrees that viewing a right-to-sue letter is not required to trigger the ninety-day period, a single email from the EEOC that merely informs that a new document is ready for download does not provide sufficient notice. *See Snerling*, 2025 WL 1828635, at *3.

The Court also finds distinguishable *Woods v. Delta Air Lines, Inc.*, No. 3:24-CV-01759, 2025 WL 966922 (N.D. Tex. Feb. 27, 2025). In *Woods*, the EEOC conducted a pre-determination interview with the plaintiff in which it informed her that the EEOC was closing its investigation and that she would receive a dismissal notice describing her right to pursue her claim by filing a federal lawsuit within 90 days of her receipt of the notice. *Woods*, 2025 WL 966922, at *7. The court found that this interview placed the plaintiff "on notice that additional information about her right to sue was forthcoming." *Id.* Thus, the plaintiff's failure to download the right to sue from the email communications sent shortly after the interview did "not extend the date of receipt or toll the statute of limitations." *Id.* (citing *McNaney*, 2022 WL 1017388 at *4).

Here, there are no allegations that would allow the Court to infer that Plaintiff was similarly placed on notice that her right to sue was forthcoming. For example, in *McNaney*, the plaintiff's counsel received an email stating that the "EEOC will be closing the . . . case and issue a NRTS [Notice of Right to Sue]." *McNaney*, 2022 WL 1017388 at *2. The next day, the EEOC sent counsel an email stating: "EEOC has made a decision regarding charge number 533-2021-00911. It is very important that you download and retain a copy of this document." *Id.* The court held that the email provided notice of the EEOC's determination of her claim and her right to file suit. *Id.*

6

at *3–4. Thus, the counsel's failure to open the link and read the document did not extend the date of receipt or toll the statute of limitations. *Id.*

Here, there are no allegations that would permit the Court to infer that Plaintiff received such notice prior to the September 3 email. Nor does the email in this case, unlike that in *McNaney*, provide any indication that the EEOC had reached a decision regarding her charge. Instead, it simply states a new document has been added. Thus, accepting Plaintiff's allegations as true as it must, the Court determines that Plaintiff's complaint was timely filed.

### IV. CONCLUSION

For these reasons, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is **DENIED**.

**SIGNED** this 13th day of August, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE