IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CASIE LEAVELL, Pro Se, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:24-cv-1563-ADA |
| | § | |
| BAZAARVOICE, INC. | § | |
| | | |
| Defendant. | | |

## **ORDER**

Before the Court is Defendant Bazaarvoice, Inc.'s ("Bazaarvoice") Motion for Summary Judgment. [Dkt. 51]. The Court has reviewed the Motion [Dkt. 51], Plaintiff Casie Leavell's ("Plaintiff" or "Leavell") Response in Opposition [Dkt. 60], Defendant's Reply in Support [Dkt. 62], Defendant's Response to Plaintiff's Motion for Leave to File Sur-Reply [Dkt. 65], Plaintiff's Sur-Reply [Dkt. 66], the summary judgment evidence, and the applicable law. The Court finds that the Motion should be **GRANTED**.

This is an Americans with Disabilities Act ("ADA") case by Casie Leavell in which she complains of alleged events culminating in Bazaarvoice's termination of her employment. Defendant filed its Motion for Summary Judgment arguing this case should be dismissed with prejudice because Leavell did not file an Equal Employment Opportunity Commission ("EEOC") Charge within 300 days of her termination of employment and thus failed to exhaust her administrative remedies.

## I. BACKGROUND

In her First Amended Complaint, Plaintiff represents that "on the morning of April 15, 2022, Defendant abruptly terminated Plaintiff's employment." [Dkt. 18, ¶ xvi., p. 10]. Bazaarvoice had previously placed Leavell on a Performance Improvement Plan ("PIP") on March 14, 2022. [Dkt. 58-2]. The PIP provided that "[i]f it is determined that you are not making sufficient progress toward solving the performance issues at any time during the Action Plan, you could be terminated from the Company without additional notice." [*Id*. at p. 2].

Meaghan Danielson, Plaintiff's supervisor, declared she informed Plaintiff by email on April 15, 2022, of her decision to terminate Plaintiff's employment, relieved her of duty that day, and allowed her to remain on the payroll through the end of the month. [Dkt. 51-4, ¶¶ 5-6]. Ms. Danielson's email stated, "It is clear you will not be able to succeed on the PIP and perhaps this role is simply not a good fit for you." [Dkt. 51-5, p.3].

Plaintiff submitted a timeline to the EEOC representing that on April 15, 2022, she "received a note from [Ms. Danielson] letting me know it was obvious that I couldn't be successful on the PIP and that I was being fired." [Dkt. 62-1, p. 7]. Plaintiff does not dispute she was relieved of duty as of April 15, 2022. [Dkt. 60, p. 16, ¶ X.A.3].

Plaintiff received an email from Bazaarvoice on April 20, 2022, with the subject line "BV Exit Email" referencing attached documents described as "our Benefits Exit Package information and EPIA (plus summarizing memo)." [Dkt. 58-1, p.1]. Plaintiff responded by email that same day, copying Ashley Olivia of Bazaarvoice, with a question about whether, as she had previously discussed with Ms. Olivia, the exit package would include Bazaarvoice's payment of her COBRA benefits. [*Id*. at p.2]. Later that day, Ms. Oliva responded on the same email chain that Plaintiff

would receive payment towards COBRA if she signed the Separation Agreement and explained Plaintiff would receive COBRA election information following her "termination date (April 29th.)" [*Id*.]. Plaintiff characterizes this email as "the first written and unequivocal notice of termination." [Dkt. 61, ¶ 8].

Plaintiff submitted an initial inquiry to the EEOC on February 11, 2023 (the "EEOC Inquiry"). [Dkt. 51-7, p.3]. The EEOC Inquiry includes certain allegations by Plaintiff against Bazaarvoice and set a date for a phone interview. [Dkt. 51-7]. It does not include a request, by checkbox or otherwise, that the EEOC take remedial action to protect Plaintiff's rights or otherwise settle a dispute between her and Bazaarvoice. [*Id*.].

The EEOC Portal User's Guide describes the multi-step process of filing a charge in Volumes 2, 3, and 4 to include submitting an online inquiry, entering additional information about an online inquiry, and signing a charge of discrimination:

❖ Vol 2 – Submit an Online Inquiry to the EEOC
❖ Vol 3 – Post-Inquiry Tasks (learn about scheduling an interview with the EEOC, entering additional information about an online inquiry, and signing a Charge of Discrimination)
❖ Vol 4 – Post-Charge Tasks (learn how to check the status of your charge, respond to an Invitation to Mediate, and request/respond to a Respondent's Position Statement)

[Dkt. 60-5, p. 3].

The User's Guide, Volume 3, shows that submission of information regarding an online inquiry in preparation for an interview with the EEOC "IS NOT THE SAME AS FILING A

CHARGE OF DISCRIMINATION." [Dkt. 60-6, p. 11 (emphasis in original)].



The EEOC's activity log reflects that on February 17, 2023, a charge was formalized and the case status was changed to "Charge Filed." [Dkt. 51-6]. Plaintiff's digital signature on the charge is dated February 17, 2023. [Dkt. 51-3].

After both Bazaarvoice filed its Motion and the deadline to amend pleadings had passed, Plaintiff submitted a Second Notice of Errata (Clerical Reference Correction) seeking to delete her allegation in her First Amended Complaint that "on the morning of April 15, 2022, Defendant abruptly terminated Plaintiff's employment." [Dkt. 56]. Leave to amend was neither sought nor granted.

## II. LEGAL STANDARD

Summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Substantive law dictates which facts are material and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or

weigh the evidence." *Compagno v. Tex. Health & Human Services Comm'n*, No. 1:23-CV-01068-ADA, 2026 WL 983102, at *3 (W.D. Tex. Apr. 10, 2026) (citing *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). "Summary judgment is appropriate where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant." *Armstrong v. City of Dallas,* 997 F.2d 62, 67 (5th Cir. 1993).

### III. DISCUSSION

#### A.    Plaintiff Did Not File a Timely Charge of Discrimination

To bring claims under the ADA, a plaintiff is required to exhaust administrative remedies by filing a charge of discrimination within 300 days of the allegedly unlawful actions. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA); *Owens v. Dallas Cnty. Cmty. Coll. Dist.*, 793 Fed. App'x 298, 301 (5th Cir. 2019) ("In Texas, the plaintiff must file his EEOC charge within 300 days of the alleged unlawful action.") (addressing both Title VII and ADA claims and upholding dismissal of claims for failure to timely file a charge of discrimination). "Failure to exhaust is not a procedural 'gotcha' issue. It is a mainstay of proper enforcement of Title VII remedies." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272, 274 (5th Cir. 2008) (vacating relief awarded on initial assignment claims as no charge was timely filed with respect to such claims); *see also*, 42 U.S.C. § 12117(a) (ADA). Exhaustion is "'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it." *Ross v. Goodwill Indus. of San Antonio*, No. SA-18-CA-1035-HJB, 2019 WL 13273170, at *3 (W.D. Tex. Dec. 5, 2019) (citing *Fort Bend Cnty, Tex. v. Davis, 139 S. Ct. 1843, 1849 (2019));*

*see also Gaspard v. Texas Dep't of Pub. Safety*, No. 3:20-CV-03657-M, 2022 WL 2918105, at *2 (N.D. Tex. July 22, 2022). Consequently, courts must dismiss any claims where a plaintiff fails to show administrative exhaustion. *See Ross*, 2019 WL 13273170, at *3.

Limitations begin to run when an employee receives notice of the termination decision, and not on the final day of employment. *Delaware State College v. Ricks,* 449 U.S. 250, 258 (1980) ("[i]n sum, the only alleged discrimination occurred—and the filing limitations periods therefore commenced—at the time the tenure decision was made and communicated to [the employee]."); *Clark v. Resistoflex Co.,* 854 F.2d 762, 765 (5th Cir. 1988) ("The operative date from which the [applicable] filing period begins to run is the date of notice of termination, rather than the final date of employment.").

"[F]actual assertions in pleadings are ... judicial admissions *conclusively* binding on the party that made them." *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (emphasis in the original) (quoting *White v. ARCO/Polymers,* 720 F.2d 1391, 1396 (5th Cir.1983)) (summary judgment affirmed on limitations grounds based on plaintiffs' allegations in their complaint regarding when they became aware of alleged wrongdoing). Facts admitted in the pleadings "are no longer at issue." *Id*. (quoting *Ferguson v. Neighborhood Housing Services, Inc.*, 780 F.2d 549, 551 (6th Cir.1986)). "Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Martinez v. Bally's Louisiana, Inc*., 244 F.3d 474, 476 (5th Cir. 2001).

Plaintiff's live complaint, her First Amended Complaint[1], includes the allegation "on the morning of April 15, 2022, Defendant abruptly terminated Plaintiff's employment." [Dkt. 18,

---

[1]Plaintiff's Second Notice of Errata (Clerical Reference Correction) [Dkt. 56], submitted after both Bazaarvoice filed its Motion and the deadline to amend pleadings had passed, does not operate to withdraw her judicial admission. Leave to amend was neither sought nor granted.

¶ xvi., p. 10]. Plaintiff is conclusively bound by this judicial admission. Accordingly, it is uncontested that Plaintiff was aware as of April 15, 2022, that Bazaarvoice had decided to terminate her employment. Thus the 300-day limitations period began on that date, and Plaintiff was required to file a charge by February 9, 2023. Plaintiff did not, and therefore her claims are time-barred.

Even assuming *arguendo* Plaintiff had not judicially admitted April 15, 2022, is the operative date for limitations, she made the same factual admission in her chronology submitted to the EEOC. While a factual admission may be controverted or explained, *Martinez,* 244 F.3d at 476-77, Plaintiff failed to do so here.[2]

Plaintiff relies on *Clark* to argue that the limitations clock did not start on April 15, 2022*,* but it is distinguishable. In *Clark*, the supervisor told the plaintiff he was "going to terminate" the plaintiff and had also threatened to terminate the plaintiff's employment six months previously. 854 F.2d at 764. The plaintiff immediately thereafter spoke with a company's personnel representative who told him he would soon receive a letter that would "clarify his status." *Id*. The Fifth Circuit ruled that the mixed signals from the personnel office, circumstances surrounding the supervisor's message, and undisputed evidence the supervisor lacked independent authority to terminate the plaintiff were collectively sufficient to cast doubt upon whether a reasonable person in the plaintiff's position should have known he had been discharged on the day the supervisor said he was "going to" terminate the plaintiff's employment. *Id*. at 765-66.

Here, Plaintiff offered no evidence controverting her admission in her chronology submitted to the EEOC that her supervisor told her on April 15, 2022, she was being fired. [Dkt.

---

[2] Plaintiff argues in her Sur-Reply that "a layperson's contextual narrative cannot establish undisputed notice at summary judgment." [Dkt. 66, ¶ III. B., p. 3]. This argument is not evidence and does not diminish the effect of Plaintiff's admission.

62-1, p.7]. Nor did Plaintiff offer evidence of any other event or circumstance that casts doubt upon whether a reasonable person in her position should have known as of April 15, 2022, that Bazaarvoice had decided to terminate her employment. Additional uncontested evidence also demonstrates the events of that day clearly and unequivocally communicated the termination decision. More specifically, on April 15, 2022: (1) Plaintiff's supervisor told her via email it was clear she would not succeed on the PIP; (2) Plaintiff's supervisor cancelled their scheduled meeting and directed Plaintiff to HR instead; and (3) Plaintiff was relieved of her duties. Applying an objective standard, Plaintiff knew or reasonably should have known on April 15, 2022, that Bazaarvoice had decided to terminate her employment.

Even if Plaintiff were not charged with knowledge of Bazaarvoice's decision to terminate her employment as of April 15, 2022, because of her judicial and factual admissions, Plaintiff still failed to timely file a charge of discrimination. Plaintiff characterizes the email from Bazaarvoice of April 20, 2022, described above, as "the first written and unequivocal notice of termination." [Dkt. 61, ¶ 8]. That email included exit package information, confirmed details of a previously discussed separation agreement regarding COBRA payments, and explained that COBRA election information would be sent after her termination date of April 29, 2022. [Dkt. 58-1]. However, April 20, 2022, is (like April 15, 2022) more than 300 days before Plaintiff filed her EEOC charge on February 17, 2023. Accordingly, Plaintiff did not satisfy the requirement to exhaust administrative remedies by filing a charge within 300 days unless her EEOC Inquiry of February 11, 2023, constitutes a charge. It does not.

In *Holowecki*, the Supreme Court made clear Congress intended the EEOC to serve two distinct statutory functions: (1) enforcing antidiscrimination laws and (2) disseminating information about those laws to the public. *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 400

8

(2008). The Court went on to say, "[f]or efficient operations, and to effect congressional intent, the agency requires some mechanism to separate information requests from enforcement requests" and emphasized that "an allegation of discrimination and the name of the employer, falls short in this regard." *Id*. at 401. The Court then held, "[i]n addition to the information required by the regulations, *i.e.,* an allegation and the name of the charged party, if a filing is to be deemed a charge *it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee*." *Id*. at 402 (emphasis added). The Court further found that the detailed affidavit attached to Holowecki's intake questionnaire, which asked the agency to "[p]lease force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment created [by the employer]," was a sufficient request for agency action. *Id*. at 405.

Following *Holowecki*, the Fifth Circuit held in *EEOC v. Vantage Energy Servs., Inc.* for a preliminary filing to constitute a charge for exhaustion purposes, it must clearly request the EEOC to take remedial action or otherwise settle a dispute between the employer and the employee, among other things. 954 F.3d 749, 754 (5th Cir. 2020). In *Vantage*, an ADA case, the employee checked a box on the EEOC intake questionnaire form, which stated, "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above." *Id*. at 755. Applying *Holowecki*'s minimum standards, the Fifth Circuit held the plaintiff's request for agency action, coupled with the plaintiff's statement of facts, including identification of the employer and identification of pertinent dates, was sufficient to constitute a charge. *Id*. at 753-55.

Here, Plaintiff's EEOC Inquiry does not constitute a charge as a matter of law because it contains no request for the EEOC to take remedial action or otherwise settle her dispute with

9

Bazaarvoice. Unlike in *Holowecki* and *Vantage* where the plaintiff's pre-charge communications explicitly sought action by the EEOC, Plaintiff's Inquiry includes only her allegations and identification of Bazaarvoice as the respondent. [Dkt. 51-7]. The Supreme Court made clear such information alone is insufficient to constitute a charge. *Holowecki*, 552 U.S. at 401.

Where intake questionnaires and accompanying documents lack a request for remedial action (whether by check box or otherwise), they do not constitute a charge under *Holowecki*. *Sambrano v. United Airlines, Inc.*, 707 F. Supp. 3d 652, 672, n.1 (N.D. Tex. 2023) (collecting cases), *reconsideration denied*, 347 F.R.D. 155 (N.D. Tex. 2024) *and appeal dismissed*, No. 24-10656, 2024 WL 6083707 (5th Cir. Sept. 6, 2024).

Plaintiff's argument that the EEOC's "workflow" establishes that the EEOC Inquiry constitutes a charge is unpersuasive. In context of the EEOC's multi-step procedures described in the EEOC Portal User's Guide, merely completing some of the steps leading up to the filing of a charge does not constitute a clear request for the EEOC to take remedial action or otherwise settle a dispute between an employer and employee. The User's Guide demonstrates that submitting an online inquiry is not itself a charge, but that charge filing follows several steps, including the submission of the online inquiry, entering additional information about an online inquiry, and signing a charge of discrimination. [Dkt. 60-5, p. 3]. Moreover, and importantly, the User's Guide shows that submission of information regarding an online inquiry in preparation for an interview with the EEOC "IS NOT THE SAME AS FILING A CHARGE OF DISCRIMINATION." [Dkt.

60-6, p. 11 (emphasis in original)]. Otherwise, all inquiries would constitute charges and that is not what Congress intended.

### B.  Bazaarvoice Did Not Waive Its Limitations Defense

Plaintiff concedes Bazaarvoice pleaded failure to exhaust administrative remedies in its Answer but argues Bazaarvoice "forfeited" its exhaustion defense by raising it at summary judgment. [Dkt. 60, ¶ IX. 1, p. 13]. Plaintiff's reliance on *Fort Bend County, Texas v. Davis* to support her waiver claim is misplaced. In that case, the Supreme Court affirmed the Fifth Circuit's decision that Title VII's charge-filing requirement is not jurisdictional, and Fort Bend County had forfeited the defense because it did not raise it until "[y]ears into the litigation" and after "an entire round of appeals all the way to the Supreme Court." 587 U.S. 541, 546–53 (2019). The Supreme Court emphasized, however, that although not jurisdictional, the charge-filing requirement is "mandatory." *Id*. at 552. Here, Bazaarvoice timely asserted the defense and, as a matter of law, Plaintiff failed to timely file a charge. ECF No. 37 at 8.

### C.    Equitable Tolling/Estoppel Does Not Apply and Would Not Change the Result

Plaintiff contends that Bazaarvoice should be "estopped" from relying on the April 15, 2022, email and Plaintiff's own admissions regarding her knowledge of the termination decision on that date, because of the April 20, 2022, email from HR stating that her employment "will end effective April 29, 2022." Plaintiff's argument mischaracterizes both the evidence and the legal standard. "Equitable tolling is to be applied sparingly, and only in rare and exceptional circumstances." *McCollum v. Puckett Mach. Co.*, 628 F. App'x. 225, 229 (5th Cir. 2015) (internal quotation marks omitted) (quoting *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) and *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010)).

A defendant-employer may be estopped from asserting a limitations defense only when the

11

defendant's affirmative conduct reasonably induced the plaintiff not to timely file a charge of discrimination. *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002) (affirming summary judgment on limitations grounds and denial of equitable tolling).

Plaintiff offered no evidence of affirmative conduct by Bazaarvoice that would have reasonably induced her not to timely file her charge. The evidence shows: (1) the termination decision was communicated on April 15, 2022; (2) Plaintiff was relieved of duty that same day but allowed to remain on the payroll through April 29, 2022; and (3) on April 20, 2022, Bazaarvoice confirmed terms of exit benefits previously offered to Plaintiff and the end-of-month effective date of employment termination.

Merely allowing Plaintiff to remain on the payroll for a period after being notified of the termination decision does not establish estoppel. The Fifth Circuit "disfavors any rule that would penalize an employer for giving an employee severance pay or other extended benefits after the employment relationship has terminated." *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 589 (5th Cir. 1995).

In any event, as discussed above, even if the operative date for limitations purposes were April 20, 2022, Plaintiff still failed to file a charge within 300 days. Plaintiff's EEOC Inquiry does not meet the requirements of a charge. Plaintiff's charge filed on February 17, 2023, was untimely whether the limitations clock started on April 15 or April 20, 2022.

## IV. Conclusion

For the foregoing reasons, Defendant Bazaarvoice, Inc.'s Motion for Summary Judgment [Dkt. 51] is **GRANTED**.  Plaintiff's motion for reconsideration and clarification is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** June 30, 2026.

Alan D Albright
United States District Judge

13